SAMUEL S. VAN HORN, appellant,

v.

RICHARD H. VAN HORN, respondent.

In the absence of ambiguity in a written agreement which is complete, oral evidence cannot be introduced to explain or vary it. If, through mistake, an agreement in writing does not express the contract which the parties intended to make, the remedy is in equity to reform it, but until it is so reformed it is unassailable by parol testimony.

On appeal from a decree advised by Vice-Chancellor Bird.

*Mr. Richard S. Kuhl,* for the appellant.

*Mr. Charles A. Skillman,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The bill in this cause was filed for a dissolution of the copartnership between Samuel S. Van Horn and Richard H. Van Horn, and the appointment of a receiver.

The questions arising in the case relate to the adjustment of the partnership affairs between the partners, in which the creditors of the firm are not involved. The appeal presents four matters for review in this court.

On the 9th of March, 1889, and previous to the filing of the bill, the partners entered into an agreement, in writing, by which Richard H. Van Horn agreed to purchase the assets of the firm for the sum of $55,568.23. In the said writing it was stipulated that he should take the goods of the firm "at the inventory thereof as made by the appraisers agreed upon by said parties."

It was alleged in the court below that the bed-room suits in the said inventory had been appraised as perfect and complete suits, when, in fact, they had broken mirrors; also that certain

step-pads had been appraised and valued at $10.50 per dozen, when the valuation should have been set down in the inventory at $10.50 per gross.

There is nothing in the written agreement or on the face of said inventory which shows any error or mistake in either of these respects.

In the decree appealed from, allowance was made to Richard for both of these claims.

In this respect we find the decree to be erroneous. A mistake in addition, or any error apparent on the face of the writings, would, of course, be corrected, but parol evidence was inadmissible to alter or vary the written agreement, and it could not be resorted to for the purpose of showing that the contract was essentially different from that which the parties had reduced to writing.

The written agreement is complete and must be presumed to contain the entire engagement between the parties.

In the absence of ambiguity in the contract, oral testimony cannot be introduced to explain or change it. If, through mistake or fraud, an agreement in writing does not express the contract which the parties intended to make, the remedy is in equity to reform it, but until it is so reformed it is unassailable by parol testimony.

The rule is entirely settled, and is very clearly stated, in the opinion of Mr. Justice Depue, in *Naumberg* v. *Young, 15 Vr. 331.*

The written contract provides that Richard shall take the goods at a specified price, and the parties are thereby concluded in this case.

Richard must be charged with the goods at the price stated in the writing.

In August, 1888, Samuel received payment of a note for $200, which the firm held against one Pettee. With this sum the decree below charges Samuel, on the ground that he has not shown by clear proof that he appropriated it to the uses of the partnership. He received this payment in the ordinary course of the partnership business, and until the contrary appears the

presumption should be not that he acted fraudulently, but that he acted honestly and placed the money in the money drawer of the firm. Waiving this presumption, Samuel testifies that he did apply this money to the uses of the partnership, and his statement is not disproved. This charge against Samuel, therefore, is also erroneous.

We are of opinion that, under the evidence, the allowance to Lydia Van Horn, for her services to the firm, should be reduced to $5 per week for the whole time during which she is entitled to be paid.

The allowance which has been made to Harry, the son of Richard, must stand. That is an executed matter and must be considered as finally settled.

The decree below should be reversed and modified in accordance with the foregoing views.

Costs are allowed to the appellant.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, WERTS, BOGERT, CLEMENT, KRUEGER, SMITH—12.