This is complainant's appeal from an order of the court of chancery dismissing the bill of complaint.
The bill discloses that on July 30th, 1937, the trustees of the First Methodist Episcopal Church of Red Bank, New Jersey, and Frederick E. Ordway entered into a written agreement for the sale by the church and the purchase by Ordway of the church property in Red Bank for $120,000; that Ordway paid $6,000 on account of the purchase price as required by the agreement, and later assigned the agreement to the complainant herein; that by the agreement the date of settlement of the remainder of the purchase price and the delivery of the deed was fixed for September 28th, 1937, and by agreement that date was postponed to October 6th, 1937. The bill charges that on October 12th, 1937, the purchaser not having performed, the defendant church rescinded and terminated the contract.
The bill of complaint also discloses that the agreement of sale contained inter alia the following provision: "The aforesaid described property is sold subject to any and all zoning ordinances of the Borough of Red Bank, New Jersey, passed and adopted prior to the date of delivery of the deed, provided said ordinances do not prohibit the erection and maintenance of a one-story business building." As we shall hereafter point out no ordinance prohibited the erection and maintenance of a one-story business building; but the property in question was subject to a set-back ordinance in existence at the time the contract was entered into, which in substance provided that no building shall be erected (in the zone in which the premises in question were located) with its street walls or covered portions nearer than forty feet from the center line of the street nor nearer than twenty feet from the curb.
The prayer of the bill was for the cancellation of the agreement of sale and purchase and to impress a lien on the premises in the amount of the deposit paid, plus reasonable costs incurred in examining title.
The complainant-appellant contends that (1) the court *Page 249 
below "erred in dismissing the bill of complaint and adjudging that complainant had a complete and adequate remedy at law;" (2) "erred in deciding that a judicial cancellation of the contract relating to the sale and purchase of real estate was unnecessary;" and (3) "erred in deciding that complainant was not entitled to an equitable decree of rescission."
Upon examination we find that such grounds of appeal are not well taken.
The complainant relied below and relies here, under this head, upon the case of Richeimer v. Fischbein, 107 N.J. Eq. 493;
but that case is distinguishable and inapplicable. The decision there was to the effect that where a bill seeks specific performance, or cancellation, because of a defect in the title, which cannot be remedied, the purchaser is entitled to ask in equity for judicial recognition of the rescission and may then enforce in chancery a lien for the down-money. That is not the situation here. The vice-chancellor in the case at bar properly pointed out that "the contract in this case has already been rescinded by the defendant. Rescission is not sought here by the complainant, because the vendor has already rescinded;" and if wrongfully rescinded "the vendee has a complete remedy at law in a suit for damages," since there is no allegation that the defendant is not financially responsible. He also rightly pointed out that "the situation here is not that the vendor could not convey a good title under his contract." There was no defect in vendor's title. The difficulty here was "the unwillingness of the complainant to accept title subject to the zoning ordinance to which the contract is made expressly subject," and no facts are set forth warranting cancellation of the agreement because of a defect in the title offered. Moreover, the bill of complaint does not ask for specific performance, nor for a surrender of the written agreement. We therefore conclude that it is obvious that such alleged errors are without substance.
Also complainant contends that the court below erred in holding that the set-back ordinance of the defendant, adopted before the execution of the contract, "does not prohibit the erection and maintenance of a one-story business building," *Page 250 
and therefore was no legal obstacle to the conveyance of a good title such as was required by the provisions of the contract. But this contention is manifestly ill-founded in point of fact, as the allegation of the bill discloses and as the vice-chancellor properly found.
The complainant argues, however, that the provisions of the contract relating to the zoning ordinances were ambiguous, and that the court below erred in refusing to admit extrinsic evidence to show the intent of the parties with respect to the same.
Now we think, as the court below found, that there is no ambiguity in the agreement or in the provisions relating to the zoning ordinances. The language is as clear as words can make it. It provides in so many words that the property is sold subject to all zoning ordinances of the borough of Red Bank, provided they do not prohibit the erection and maintenance of a one-story business building. If the buyer, after the agreement was executed, discovered that he could not erect a building without complying with the set-back ordinance, and decided for reasons of his own that he would not perform his contract, he was nevertheless legally bound by that contract, since the contract is perfectly clear. Now the rule is that where, as here, parties have put their complete contract in writing, it shall be the only evidence of the contract, provided there is no ambiguity or fraud, and oral testimony will not be admitted either to contradict the written contract, or to supply terms with respect to which the writing is silent, or to show an intention of the parties thereto other than that to be gathered from the language of the agreement itself. Naumberg v. Young, 44 N.J. Law 331;Speedograph Corp. v. Maier, 92 N.J. Eq. 125; Van Horn v. VanHorn, 49 N.J. Eq. 327; McTague v. Finnegan, 54 N.J. Eq. 454.
Here, as we have seen, there was no ambiguity in the contract, and no fraud was charged.
We believe that we have thus in effect dealt with every question raised by the grounds of appeal and that has been argued.
We have refrained from dealing with arguments by the *Page 251 
complainant which are not raised by any ground of appeal, for the general rule applicable here is that matters not assigned for error will not be considered. U.S. Transfer Advertising Co. v.Young, 80 N.J. Law 151; Hintz v. Roberts, 98 N.J. Law 768.
The decree below will be affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.
For reversal — None.