Complainant brings this suit to compel defendant to cancel a mortgage on her property. The mortgage was originally *Page 192 
executed by her and her husband in the amount of $5,000, but it was later reduced by payments to approximately $4,000. After the death of her husband she paid the amount of the mortgage to the original mortgagee but, instead of taking a satisfaction of the mortgage, she arranged to have it assigned to her nephew, the defendant. There was apparently some sort of an arrangement between them whereby she was to retain some sort of interest in or dominion over the mortgage. She contends that her nephew agreed to surrender the mortgage to her at any time upon her demand, his ownership of it to become absolute only upon her death without such demand for return. Some time later, in 1935, a written agreement was entered into between her and her nephew, which provides in substance that the nephew should not assign or foreclose the mortgage during her lifetime, and that during her lifetime would not make any claim for principal or interest on the mortgage. The principal sum of the mortgage was to be increased to the original $5,000.
In view of this document, I do not see how complainant can sustain her contention that the agreement with her nephew was that she could at any time demand a cancellation of the mortgage. She was represented by competent counsel, now dead, at the time of the making of the agreement, which was drawn by him. It must be assumed that the agreement was intended to clarify the position of the parties, and that it contains the whole agreement between them.
It was, of course, competent for complainant to make a gift of the mortgage to her nephew and also to provide that the gift should not take effect until her death, provided it was a completed gift and not a mere promise to make one. In such a case no consideration is necessary.
There is no claim of fraud or undue influence in the making of the gift, nor did complainant dispose of all her property by it, since she retained the full use of the property during her lifetime, free from any claim under the mortgage.
It seems apparent that complainant intended the gift of the mortgage to her nephew to be a substitute for a will making provision for him. But when she arranged for the assignment of the mortgage to him the completed transaction *Page 193 
became irrevocable, except so far as it might have been affected by an agreement between them. When this agreement was formally reduced to writing it must be deemed to have set forth the actual agreement and cannot be contradicted by parole. Perhaps the complainant might have had the erroneous idea that she could change her mind, but she did not have this right, as the gift was consummated. These principles are well settled and require no lengthy citation of authorities. Brauer v. Trustees of FirstM.E. Church, c., 124 N.J. Eq. 247; 28 Corp. Jur. 654; 32 C.J.S.784.
A decree must be advised dismissing the bill.